| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 9:13-CR-24-2 |
| | § | |
| CHRISTINA ANN DIXON | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Christina Ann Dixon's ("Dixon") *pro se* Motion for Early Termination of Supervised Release (#310). United States Probation and Pretrial Services ("Probation") recommends that the court deny Dixon's motion. The Government is opposed to the motion. Having considered the motion, Probation's report, the record, and the applicable law, the court is of the opinion that Dixon's motion should be denied.

I.  Background

On November 6, 2013, a federal grand jury in the Eastern District of Texas returned a 78-count Indictment charging Dixon and 5 codefendants. Dixon was charged in Count 1 with Conspiracy to Manufacture 50 Grams or More of a Mixture of Methamphetamine, in violation of 21 U.S.C. § 846, and in Counts 3, 6, 7, 21, 24, 31, 35, 36, 40, 41, 46, 49, 50, 51, 55, 57, 61, 62, 64, 67, 74, and 77 with Possession of Pseudoephedrine, a List 1 Chemical, in violation of 21 U.S.C. § 841(c)(1) and (c)(2). On March 25, 2014, Dixon pleaded guilty to Count 1 of the Indictment, pursuant to a written, binding Rule 11(c)(1)(C) plea agreement. On October 28, 2014, in accordance with the plea agreement, the court sentenced Dixon to 84 months' imprisonment, followed by a 5-year term of supervised release as to Count 1. On the Government's motion, the court dismissed all remaining counts. Dixon's sentence was later reduced to 72 months'

imprisonment. On March 5, 2018, Dixon completed her term of imprisonment and began serving her term of supervision. Dixon is currently being supervised in the Eastern District of Texas, and her term of supervised release is projected to expire on March 4, 2023.

II.     Early Termination of Supervised Release

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). Early termination of supervised release is not an entitlement. *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Shellef*, No. 03-CR-0723

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

(JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018). "To the contrary, it is only 'occasionally' justified." *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011)); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the *conduct of the defendant* did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1))

(emphasis in original); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 67014769, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 67014769, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347

(recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Dixon's post-release conduct does not warrant early termination of her supervised release. Dixon states that she is requesting early termination of her supervised release because the Bureau of Prisons ("BOP") will not allow her to visit her incarcerated son while she is serving her term of supervision. Although Dixon states that she has a strong desire to visit her son and has become a better person after completing her prison sentence and graduation from a drug rehabilitation program, she identifies no new or exceptional circumstances or needs.

The court notes that BOP national policy does not preclude individuals on supervised release from visiting inmates. BOP policy states that immediate family members "are placed on the visiting list, absent strong circumstances that preclude visiting." 28 CFR § 540.44(a). With respect to persons with prior criminal convictions, "[t]he existence of a criminal conviction alone does not preclude visits. Staff shall give consideration to the nature, extent, and recentness of convictions, as weighed against the security consideration of the institution. Specific approval of the Warden may be required before such visits take place." 28 CFR § 540.44(d). Thus, an individual with a criminal record can be denied visitation privileges without regard to his or her supervision status. It is possible, therefore, that early termination of Dixon's term of supervised release would not afford her the opportunity to visit her son. Furthermore, according to

Probation, the BOP is currently processing Dixon's son's request for an administrative remedy regarding Dixon's visitation privileges.

The circumstances of Dixon's conviction involve her purchase of 460 boxes—957 grams—of pseudoephedrine from numerous pharmacies in the Eastern District of Texas and providing it to manufacturers of methamphetamine in exchange for money or finished methamphetamine.[2]  The overall scope of the conspiracy involved the manufacture of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Moreover, Dixon has an extensive criminal history consisting of ten prior convictions, including forgery (3), theft (4), securing execution of document by deception (2), and credit card abuse.  *See Lynn*, 2022 WL 2446328, at *3-4.  She has also failed to comply with at least three previous terms of probation, and was in fact on probation when she committed her offense of conviction.  Additionally, Dixon has only eight months remaining until her term of supervised release is complete.  Moreover, Dixon has a long history of cocaine and methamphetamine abuse.  According to her Presentence Investigation Report, although Dixon successfully completed the Drug Court Program ("DCP") in Angelina County, Dixon herself attributed "her gradual slide back into drug addiction to the abrupt halt in drug counseling and supervision that she received while in the DCP."  Thus, although Probation notes that Dixon has maintained a satisfactory level of compliance throughout her current term of supervised release, she would likely benefit from continued supervision.  Although Dixon appears to be on the right track, the court believes that the completion of her full term of supervised release is warranted, as it appropriately reflects the

---

[2] Purchase logs indicate that Dixon and certain of her codendants collectively purchased 1,130 boxes—2,377.98 grams—of pseudoephedrine which they in turn supplied to others for the purpose of manufacturing methamphetamine.

seriousness of her offense, deters future criminal conduct, and provides needed structure for her continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison).

Given the nature of Dixon's offense, her criminal history, her failure to comply with previous terms of probation, and her history of poly-substance abuse, early termination of her term of supervised release would not be in the interest of justice. The court notes, however, that this opinion is in no way intended to preclude Dixon from visiting her son while he is incarcerated if the warden grants her visitation privileges.

III.   Conclusion

In accordance with the foregoing, Dixon's *pro se* Motion for Early Termination of Supervised Release (#310) is DENIED.

**Signed  this date**
**Aug 4, 2022**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE